(112 So. 437)
BULL v. O'RILEY. (6 Div. 885.)

Supreme Court of Alabama. April 14, 1927.

1. Evidence ⊕⇒376(1) — Book of account held admissible under statute, in action for repairing trucks, under testimony of party making entries at time of work (Code 1923, §.7701).

In suit for labor and use of tools in repairing trucks, book containing memorandum of work, owner's name, truck numbers, and charges, identified by witness testifying that he made entries when work was done and that entries were correct, held admissible, under Code 1923, § 7701, providing when book may be admitted in evidence as proof of accounts.

2. Trial ⊕⇒194(11)—In suit for repairing trucks, defendant's instruction that credit for work done is presumed extended to parties charged therefor held to invade province of jury.

In suit for labor and use of tools in repairing trucks, defendant's requested charge that

law presumes credit for work done is extended to parties to whom the same is charged on the books *held* properly refused as invading province of jury under testimony that owner's name was entered for purpose of identifying transaction.

**3. Appeal and error ⬩1033(3)—Overruling defendant's objection to plaintiff's answer to question held harmless, where answer tended to support theory of defense.**

Error, if any, in overruling defendant's objection to plaintiff's answer to question *held* harmless, where the answer tended to support defendant's theory of defense to action for work and labor in repairing trucks.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Action for work and labor done by A. W. O'Riley against J. H. Bull. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Charge 4, refused to defendant, is as follows:

"The law presumes that the credit for sales of merchandise or for work and labor done is extended to the party or parties to whom the same is charged on the books."

Ernest B. Fite, of Hamilton, for appellant.

Counsel argues for error in the questions treated, but without citing authorities.

K. V. Fite, of Hamilton, and Roy Mayhall, of Haleyville, for appellee.

Counsel discuss the questions raised, but without citing authorities.

BROWN, J. The plaintiff offered evidence tending to show that he entered into a contract with the defendant to furnish the labor and tools, and the defendant the parts, used in the repair of trucks in the service of the defendant while engaged in surfacing a public highway with gravel; and under this arrangement a memorandum or book was to be kept by the plaintiff showing the work done and on what truck, which was to be delivered to defendant's bookkeeper, at the defendant's camp, daily for inspection. The evidence on the part of the plaintiff further tended to show that work and labor were performed by the plaintiff and his employees in pursuance of this arrangement, that the book on which memoranda were kept was submitted to defendant's bookkeeper, and that some of the work had not been paid for.

The evidence offered by the defendant tended to show that no such agreement was made; that he only agreed to pay for work done on trucks used in the work, where he was indebted to the owner of the truck in a sufficient amount to cover the repairs, and the owner of the truck authorized such payment out of money due from defendant to

such owner, and in such case he was to deduct 10 per cent. for his services in making the collection.

[1] The book in which a memorandum was kept of the work, the name of the owner, and the number of the truck, with the charge made for the work, was one item of the plaintiff's evidence, and was properly admitted in evidence in connection with the testimony of the witness McNutt that he had personal knowledge of the correctness of the entries, that he made the entries at the time the work was done, and that they were correct. Code of 1923, § 7701; Jones on Evidence, § 573; Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530.

[2] In the light of the testimony offered by the plaintiff tending to show that the name of the owner of the several trucks was entered in the book in connection with the number of the vehicle for the purpose of identifying the transaction, there was certainly no presumption of law that the respective items were charged against the party whose name appeared on the book, and charge 4, requested by the defendant, was invasive of the province of the jury, and it was refused without error.

[3] The plaintiff's answer to the question, made the basis of assignment of error 2, tended to support the defendant's theory that defendant was not to pay for the work unless the owner of the truck had insufficient time to cover the cost of the work, and if error was committed in overruling the objection to the question and motion to exclude the answer, it was without injury.

This disposes of all questions insisted upon in the argument of the assignments of error. There is no reversible error shown by the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.